UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE MCHAFFIE,<br><br>                                Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security Administration,<br><br>                                Defendant. | Case No.: 22-cv-01690-H-LR<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 13.]<br><br>**(2) AFFIRMING THE COMMISSIONER OF SOCIAL SECURITY'S FINAL DECISION** |

On October 31, 2022, Plaintiff Renee Mchaffie filed a complaint against Defendant Martin J. O'Malley, Commissioner of Social Security,[1] seeking judicial review of an administrative denial of disability benefits under the Social Security Act pursuant to 42 U.S.C. § 405(g).  (Doc. No. 1, Compl.)  On January 17, 2023, Defendant filed an answer

---

[1] Plaintiff's complaint originally named Kilolo Kijakazi, Acting Commissioner of Social Security, as the defendant in this action.  (Doc. No. 1, Compl. at 1.)  Defendant O'Malley was sworn in as Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is therefore automatically substituted in as the defendant in this action.

1

to Plaintiff's complaint and a certified administrative record. (Doc. No. 10.) On February 16, 2023, Plaintiff filed a motion for summary judgment. (Doc. No. 13.) On March 20, 2023, Defendant filed a response in opposition to Plaintiff's motion. (Doc. No. 15.) On April 3, 2023, Plaintiff filed a reply. (Doc. No. 16.) For the reasons below, the Court denies Plaintiff's motion for summary judgment, and the Court affirms the Commissioner's final decision.

## Background

On July 8, 2019, Plaintiff filed an application for disability insurance benefits and an application for supplemental social security income benefits, alleging disability beginning on February 1, 2019. (AR 213-30.) Both claims were denied initially on December 12, 2019 (AR 67-96), and again upon reconsideration on March 24, 2020. (AR 97-124.) Plaintiff then requested a hearing before an ALJ, and the ALJ held a telephonic hearing on February 17, 2021.[2] (AR 28, 45-66.) During the hearing, Plaintiff amended her alleged disability onset date to July 17, 2019. (AR 51-52.)

On September 15, 2021, the ALJ issued a written decision finding Plaintiff not disabled. (AR 28-39.) "To determine whether an individual is disabled within the meaning of the Social Security Act, and therefore eligible for benefits, an ALJ follows a five-step sequential evaluation." Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020) (citing 20 C.F.R. § 404.1520). The five-step inquiry asks:

> (1) whether the claimant is presently engaging in substantially gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantially gainful activity.

Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (citing 20 C.F.R. § 404.1520(a)(4)).

At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff

---

[2]   Plaintiff and her counsel both consented to holding the hearing by telephone due to the COVID-19 pandemic. (AR 48.)

1  had not been engaged in substantial gainful activity since July 17, 2019, the amended
2  alleged onset date.  (AR 31.)  At step two, the ALJ determined that Plaintiff had the
3  following severe impartment: "degenerative disc disease of the lumbar spine, status post
4  lumbar interbody fusion."  (Id.)  At step three, the ALJ determined that Plaintiff's
5  impairment or combination of impairments do not meet or medically equal the severity of
6  one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 35.)

7  Before proceeding to step four of the inquiry, the ALJ performed a residual
8  functional capacity ("RFC") assessment, and the ALJ determined that Plaintiff has the RFC
9  to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that
10 she is able to occasionally climb ladders, ropes, scaffolds, ramps, and stairs, and she is able
11 to frequently balance, stoop, kneel, crouch, and crawl.  (AR 35.)  In making this RFC
12 determination, the ALJ discounted Plaintiff's testimony concerning her subjective
13 symptoms.  (See AR 36-38 ("[T]he claimant's statements concerning the intensity,
14 persistence and limiting effects of these symptoms are not entirely consistent with the
15 medical evidence and other evidence in the record for the reasons explained in this
16 decision.").)

17 After receiving testimony from a vocational expert during the hearing, at step four
18 of the sequential evaluation, the ALJ determined that Plaintiff is capable of performing
19 past relevant work as "a cleaner, housekeeper, and head housekeeper."  (AR 38.)  As a
20 result, the ALJ determined that Plaintiff had not been disabled within the meaning of the
21 Social Security Act from July 17, 2019 (the amended alleged onset date) through the date
22 of the ALJ's decision, and the ALJ denied Plaintiff's claims.  (AR29, 39.)  See Ford, 950
23 F.3d at 1149 ("If the ALJ determines, based on the RFC, that the claimant can perform past
24 relevant work, the claimant is not disabled.").

25 On November 15, 2021, Plaintiff requested review of the ALJ's decision with the
26 Social Security Appeals Council.  (AR 210-12.)  On August 31, 2022, the Appeals Council
27 denied Plaintiff's request for review, rendering the ALJ's decision final.  (AR 1-6.)
28 On October 31, 2022, Plaintiff filed a complaint in this Court, seeking judicial

review of the Appeals Council's denial pursuant to 42 U.S.C. § 405(g).  (Doc. No. 1, Compl.)  By the present motion and briefing, Plaintiff moves for summary judgment and requests that the Court reverse the Commissioner's final decision and remand the case for an award of benefits, or in the alternative, remand this case to the Commissioner for further proceedings.  (Doc. No. 13-1 at 8.)

## Discussion

**I.   Legal Standards**

   **A.   Standard for Determining Disability**

Under the Social Security Act, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically or mental impairment which can be expected to result in death or which has lasted for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A claimant "shall be determined to be under disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

"To determine whether an individual is disabled within the meaning of the Social Security Act, and therefore eligible for benefits, an ALJ follows a five-step sequential evaluation." Ford, 950 F.3d at 1148 (20 C.F.R. § 404.1520).  "At steps one through four, the claimant retains the burden of proof; at step five, the burden shifts to the Commissioner." Maxwell v. Saul, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)); see also Parra, 481 F.3d at 746 (This is "consistent with the general rule that '[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits.'" (quoting Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"At step one, the ALJ must determine if the claimant is presently engaged in a

'substantial gainful activity,' defined as 'work done for pay or profit that involves significant mental or physical activities.'" Ford, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1520(a)(4)(i), and Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001)). If the ALJ determines that the claimant is engaged in substantially gainful activity, the ALJ will find the claimant not disabled. See 20 C.F.R. § 404.1520(a)(4)(i), (b).

"At step two, the ALJ decides whether the claimant's impairment or combination of impairments is 'severe,' meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" Ford, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1520(a)(4)(ii), and Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005)). If none of claimant's impairments are severe, the ALJ will find the claimant not disabled. See 20 C.F.R. § 404.1520(a)(4)(ii), (c).

"At step three, the ALJ evaluates whether the claimant has an impairment, or combination of impairments, that meets or equals the criteria of any of the impairments listed in the 'Listing of Impairments.'" Ford, 950 F.3d at 1148 (citing 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1 (pt. A)). "If a claimant's impairments meet or equal the criteria of a listing, the claimant is considered disabled." Id. at 1149 (citing 20 C.F.R. § 404.1520(d)).

"If the claimant does not meet or equal a listing, the ALJ proceeds to step four, where the ALJ assesses the claimant's residual functional capacity (RFC) to determine whether the claimant can perform past relevant work, which is defined as 'work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it.'" Id. (quoting 20 C.F.R. §§ 404.1520(e), 404.1560(b)(1)). A claimant's RFC is the most a claimant can do despite the claimant's physical and mental limitations caused by a claimant's impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1); see Ford, 950 F.3d at 1149 n.3. If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. Ford, 950 F.3d at 1149 (citing 20 C.F.R. § 404.1520(f)).

If the claimant cannot perform their past relevant work, the ALJ proceeds to step

five and considers the claimant's RFC, age, education, and work experience to determine if the claimant can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); see also Tackett, 180 F.3d at 1100–01. If the claimant can make an adjustment to other work, the ALJ will find claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant cannot make an adjustment to other work, the ALJ will find the claimant disabled. Id.

B.   Standard of Review

Unsuccessful applicants can seek judicial review of a final decision by the Commissioner. 42 U.S.C. § 405(g). This Court may enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. See id.

"[F]ederal court review of social security determinations is limited." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014). Upon review, the district court must affirm the Commissioner's decision if it was supported by substantial evidence and based on proper legal standards. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "'Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (quoting Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)); see Biestek, 139 S. Ct. at 1154. In reviewing for substantial evidence, a court "'must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.'" Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)). "However, if 'the evidence is

susceptible to more than one rational interpretation, [a reviewing court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.'" Id. (quoting Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)); see Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016).

Further, even when the ALJ commits legal error, the reviewing court must uphold the decision where that error is harmless. Treichler, 775 F.3d at 1099. "An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'" Id. (citations omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Molina, 674 F.3d at 1111 (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)). "Overall, the standard of review is 'highly deferential.'" Rounds, 807 F.3d at 1002.

## II. Analysis

On appeal, Plaintiff contends that the Commissioner's final decision should be reversed because, in making his RFC determination, the ALJ improperly rejected Plaintiff's testimony concerning her subjective symptoms. (Doc. No. 13-1 at 1.) Plaintiff contends that the ALJ failed to offer any specific, clear and convincing reasons supported by substantial evidence in the record when rejecting that symptom testimony. (Id.) In response, Defendant argues that the Court should reject Plaintiff's claims and affirm the ALJ's decision. (Doc. No. 15 at 3.) Defendant argues that the ALJ properly evaluated Plaintiff's subjective symptom complaints and gave valid reasons supported by substantial evidence for discounting them. (Id.)

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including . . . medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). The relevant regulation "directs that '[c]areful consideration' be given to any evidence about symptoms 'because subjective descriptions may indicate more severe limitations or restrictions than can be shown by

medical evidence alone.'" Id. (quoting SSR 96-8p). "When giving such consideration, if the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect." Id.

The Ninth Circuit has "a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." Trevizo, 871 F.3d at 678. First, the "ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. Second, if the claimant satisfies step one, "and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. If the ALJ finds the claimant's allegations of severity are not credible, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen, 80 F.3d at 1284. The ALJ's findings must be "'sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)).

When assessing the claimant's credibility, the ALJ may consider a range of factors including: "'(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Smolen, 80 F.3d at 1284); see also 20 C.F.R. § 404.1529(c). District courts cannot second-guess an ALJ's credibility decision if the ALJ supports the decision with substantial evidence. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162–63 (9th Cir. 2008) (explaining that the reviewing court need not disturb the ALJ's credibility

assessment, even where some of the reasons the ALJ provided for discrediting a claimant's testimony were improper, so long as the assessment is supported by substantial evidence); see also Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show his work[.] . . . The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.").

In his decision, the ALJ summarized Plaintiff's subjective symptom testimony as follows:

> The claimant is a 56-year-old woman who alleges disability due to degenerative disc disease of the lumbar spine, status post lumbar interbody fusion. She alleges that she is unable to lift heavy things. She alleges that she is unable to stand, walk, kneel, or bend for long. She alleges that she is unable to lift more than 10 pounds. She alleges that she is unable to climb stairs or cook. She alleges that she is unable to go out alone or drive. She alleges that she needs to be accompanied to go places. She alleges difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and stair climbing.

(AR 36.)

The ALJ properly assessed the credibility of this symptom testimony under the Ninth Circuit's two-step test. The ALJ began at step one of the analysis by finding that Plaintiff's medically determinable impairments could reasonable be expected to cause the alleged symptoms. (AR 36.) Because the ALJ made this finding at step one, and the ALJ did not find any evidence of malingering in the record, the ALJ could only reject Plaintiff's subjective symptom testimony if he provided "specific, clear and convincing reasons for doing so." Trevizo, 871 F.3d at 678. The ALJ did so here.

As a reason for discounting Plaintiff's subjective symptom testimony, the ALJ explained that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence" in the record. (AR 36-37.) This was a specific, clear and convincing reason for discounting Plaintiff's symptom testimony. See Smartt, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ

may indeed weigh it as undercutting such testimony."); Carmickle, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). And the ALJ supported his reasoning by citing to substantial medical evidence in the record.

Plaintiff's amended alleged onset date in this case is July 17, 2019, and Plaintiff had lumbar interbody fusion surgery on July 25, 2019. (See AR 417-31.) Post-surgery treatment notes from August 2019 identified by the ALJ state that Plaintiff "is progressing nicely after surgery; "[h]er pain is well-controlled" with medication; and her left lower extremity pain "is resolving." (AR400; see AR 37.) Treatment notes from October 2019 state that Plaintiff continued to progress nicely after surgery. (AR 37, 549.) The notes further state that although Plaintiff "continues to note some low back pain" and "a warm sensation in her left foot," she "had been ambulating at home without any difficulty," and "[s]he denies any pain in her bilateral lower extremities." (Id.) The notes also state that Plaintiff had full strength and sensation in her lower extremities. (Id.) Treatment notes from January 2020 also state that Plaintiff had full strength and sensation in her lower extremities. (AR 37, AR653.) In the notes, Plaintiff reported having "low back stiffness" and "warmness and tingling" in her left foot, but she denied any pain radiating down her lower extremities and stated that physical therapy has been helping. (AR 652.) Finally, records from March 2020 show that Plaintiff requested disability forms, but she also reported that at that time her surgeon cleared her to go back to work and would not extend her disability any further. (AR 37, 1000.) In light of the above, there was substantial medical evidence in the record to support the ALJ's discounting of Plaintiff's subjective symptom testimony.

Plaintiff argues that the ALJ improperly discounted her symptom testimony based on the medical evidence in the record. (Doc. No. 13-1 at 5.) Plaintiff explains that an ALJ cannot dismiss a claimant's testimony based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. (Id. (citing Bunnell v. Sullivan, 947 F.2d 341, 354 (9th Cir. 1991) (en banc)); see also Doc. No. 16 at 3.) Plaintiff is correct that an

ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). But that is not what the ALJ did here. Rather, the ALJ noted that Plaintiff's symptoms were not entirely consistent with the medical evidence in the record, and the ALJ noted the specific medical evidence in the record that is inconsistent with Plaintiff's symptom testimony. That is a proper basis for discounting a claimant's subjective symptom testimony. See Smartt, 53 F.4th at 498; Carmickle, 533 F.3d at 1161.

Indeed, in a recent published decision, the Ninth Circuit rejected this exact same argument that Plaintiff makes here. In Smartt v. Kijakazi, the Ninth Circuit aptly explained:

> [T]he ALJ properly discounted Smartt's subjective pain testimony by identifying specific discrepancies between her testimony and the objective medical evidence.
>
> In his decision, the ALJ also noted that Smartt's symptoms are "not entirely consistent with the medical evidence." (emphasis added). Smartt argues that, by using this phrase, the ALJ improperly penalized her for not providing objective medical evidence fully corroborating the severity of her self-reported symptoms. Smartt is correct that an ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch, 400 F.3d at 680. But Smartt incorrectly reads the ALJ's "not entirely consistent" language as committing the error identified in Burch.
>
> In contrast to Smartt's interpretation, the district court interpreted the ALJ's "not entirely consistent" phrase to mean "the record contains conflicting evidence" between Smartt's subjective symptom testimony and other evidence in the record, including the objective medical evidence. The context of the ALJ's decision as a whole demonstrates that this is the correct reading of the ALJ's meaning because, as discussed above, the ALJ highlighted several inconsistencies between Smartt's subjective symptom testimony and the objective medical evidence in the record, including record evidence about Smartt's driving and her irregular use of mobility aids.
>
> Claimants like Smartt sometimes mischaracterize Burch as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of Burch. When objective medical evidence in the record is inconsistent with

the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.

Smartt, 53 F.4th at 497–98; see, e.g., Carmickle, 533 F.3d at 1161; Klick v. Saul, 820 F. App'x 656, 657 (9th Cir. 2020) ("The ALJ performed the required two-step analysis and provided specific, clear and convincing reasons for his finding by citing the medical record . . . ."). As such, the ALJ provided a specific, clear and convincing reason for discounting Plaintiff's symptom testimony by citing to medical evidence in the record that was inconsistent with Plaintiff's subjective testimony. See id.

Further, as an additional reason for discounting Plaintiff's subjective symptom testimony, the ALJ explained that Plaintiff's daily activities are not as limited as would be expected given her complaints of disabling symptoms and limitation. (AR 37.) This is also a specific, clear and convincing reason for rejecting Plaintiff's subjective symptom testimony that was well supported by the evidence in the record. As the ALJ noted, Plaintiff reported that she has no difficulty with personal care, grooming, or taking her medication, and she is able to shop in stores for groceries, dog food, and house supplies. (See AR37, AR 300-02.) In addition, Plaintiff reported taking care of her 2-year-old great granddaughter from 10:00 a.m. to 7:00 p.m., five days a week in 2020 and 2021. (See AR37, 810, 833, 914, 930, 936, 958.)

Plaintiff criticizes the ALJ for relying on evidence regarding the childcare she provided for her great granddaughter. (Doc. No. 13-1 at 7; Doc. No. 16 at 3-4.) Plaintiff contends that in contrast to the ALJ's finding, the evidence regarding her childcare activities actually supports her symptom testimony because the relevant notes state that it was too much work for Plaintiff. (Id.) A review of the record shows that Plaintiff specifically stated that she "fel[t] overwhelmed" by the babysitting, and "that it [wa]s a bit too much." (AR 914.) Nevertheless, even if the childcare activities were a bit too much for Plaintiff, the evidence in the record still demonstrates that she was capable of performing a substantial amount of childcare work during the workweek, (See AR37, 810, 833, 914, 930, 936, 958), and that is consistent with and supports the ALJ's RFC

determination that Plaintiff is still able to perform "light work" with some limitations. In addition, it is notable that Plaintiff's childcare work was similar to Plaintiff's prior work of providing in-home care for her aunt. (See AR 49.) See, e.g., Smartt, 53 F.4th at 500 (finding it notable that the claimant's "daily activities[, which included childcare activities,] require many of the same 'capabilities . . . necessary for obtaining and maintaining employment'"); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (same); Mitchell v. Colvin, 584 F. App'x 309, 311 (9th Cir. 2014) (same). As such, Plaintiff's childcare activities was another specific, clear and convincing reason supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. See Smartt, 53 F.4th at 499 ("Even if the claimant experiences some difficulty or pain, her daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" (quoting Molina, 674 F.3d at 1113)).

As an additional reason for discounting Plaintiff's subjective symptom testimony, the ALJ also reasonably relied on the findings from state agency doctors Kim Rowlands, M.D., and Jeanine Kwun, M.D. (AR 38.) At the initial review level, Dr. Rowlands found that Plaintiff had the capacity to perform work at a light exertional level with postural limitations, which is in line with the ALJ's RFC determination. (AR 76-78, 90-92.) At the reconsideration level, Dr. Kwun also found that Plaintiff had the capacity to perform work at a light exertional level with postural limitations. (AR 105-07, 118-20.) As such, the findings of these two state agency doctors was another specific, clear and convincing reason given by the ALJ and supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. See, e.g., Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) ("[T]he medical evidence, including Dr. Eather's report and Dr. Neville's report—which both found Stubbs–Danielson could perform a limited range of work—support the ALJ's credibility determination."); Klein v. Berryhill, 717 F. App'x 664, 666 (9th Cir. 2017) (finding ALJ properly discounted claimant's symptom testimony because it was inconsistent with the medical opinion evidence).

   As an additional reason for discounting Plaintiff's subjective symptom testimony, the ALJ also reasonably relied on the fact that Plaintiff stopped working for reasons unrelated to her allegedly disabling impairment. (AR 38.) The evidence in the record shows that Plaintiff reported that she stopped working in July 31, 2019 "[b]ecause of other reasons," specifically that she "[m]oved from Washington state to CA and could not do the heavy lifting." (AR 275.) As such, this was another specific, clear and convincing reason supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. See J.S. v. Kijakazi, No. 22-35602, 2023 WL 4200020, at *1 (9th Cir. June 27, 2023) ("An ALJ may find subjective symptom testimony incredible if the claimant left work for a non-impairment related reason."); see, e.g., Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (finding ALJ properly discounted claimant's symptom testimony because he left work for reasons other than his impairments).

   In sum, the ALJ provided four specific, clear and convincing reasons for rejecting Plaintiff's testimony about the severity of her symptoms. And those reasons were all supported by substantial evidence in the record. As such, the Court rejects Plaintiff's challenge to the ALJ's RFC determination, and the Court affirms the Commissioner's final decision. See, e.g., Heinig v. Saul, 845 F. App'x 660, 661 (9th Cir. 2021) (affirming the Commissioner's denial of benefits and finding the ALJ properly gave specific, clear, and convincing reasons supported by substantial evidence to discount the claimant's symptom testimony where the testimony was inconsistent with the objective medical evidence in the record, the claimant's daily activities, and the reason for claimant's loss of her previous job).

/ / /
/ / /
/ / /

## Conclusion

For the foregoing reasons, the ALJ did not commit reversible error in discounting Plaintiff's subjective symptom testimony. As such, the ALJ's disability determination must be upheld. Accordingly, the Court denies Plaintiff's motion for summary judgment, and the Court affirms the Commissioner's final decision.

**IT IS SO ORDERED.**

DATED: March 8, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT